THE STATE OF NEW JERSEY, EX REL. MARTIN P. DEVLIN, JR., RELATOR-APPELLEE, v. ALBERT COOPER, JR., DEFENDANT-APPELLANT.

Argued May 22, 1940—Decided October 10, 1940.

For the relator-appellee, *Frank I. Casey*.

For the defendant-appellant, *William Reich*.

The opinion of the court was delivered by

WOLFSKEIL, J.   This appeal is from a judgment of ouster rendered by the Supreme Court in favor of the relator and against the respondent with respect to the position of police justice in the city of Trenton.   There is no factual dispute, the determination having been made upon demurrer to defendant-appellant's plea.   Of the several issues of law presented, the main controversy hinged on the constitutionality of legislation which afforded exemption from termination of office upon change in the form of government of the municipality.

Relator was appointed police justice by the city council on February 17th, 1937, for a four-year term.   The city then functioned under the city manager form of government.   On April 11th, 1939, a referendum placed the city under the commission form of government through adoption of the provisions of *R. S.* 40:70-1, &c.   Section *R. S.* 40:71-9 directs that on adoption of the act and the organization of commissioners elected, various named governing bodies shall be abolished and the terms of designated officers shall immediately cease.   Exceptions to such termination of office are stated, the pertinent one in this case being that the provision shall not affect "* * * or other official or employe now protected by any tenure of office act."

After adoption of the changed form of government, commissioners were elected.   They divided their duties and appointive powers among themselves.   The commissioner

assigned to authority over the police department and police magistracy concluded that relator's position as police justice expired upon adoption of the commission form of government. He appointed defendant-appellant to the place, whereupon the relator, through *quo warranto* proceedings, challenged the validity of that appointment, urging his own right to the office.

The city of Trenton in 1911 adopted the Civil Service act, chapter 156, laws of 1908, as amended, now *R. S.* 11:4-1, &c. In 1934 the legislature enacted chapter 110 of the laws of that year, which provided in substance that when there was a change in the form of government in a municipality, "the officers and employes of persons in the classified and unclassified service of any subdivision of the government of this State where the civil service laws are operating shall be continued in service and all rights enjoyed as to pensions, terms of service and salaries shall continue notwithstanding such * * * change of form of government." This act is now R. S. title 11, chapter 28. Having been appointed for a definite term fixed by law, relator is concededly not in the classified service. He claims inclusion, however, in the unclassified list and therefore cites the support of the above statute to confirm his right to continue in the office. Appellant resists this on the ground that relator is not in the unclassified civil service list, and also that the statute depended on, R. S. title 11, chapter 28, is unconstitutional.

Appellant points out that *R. S.* 11:22-2, relating to civil service classifications, provides among other enumerations that the unclassified service shall include "Police magistrates appointed by the mayor or other head officer of the municipality * * *." Because relator was named not by such mayor or other head officer, but by the city council, appellant argues that the relator did not become part of the unclassified service under the wording of the Civil Service act, it being contended that there is a distinction between a governing legislative body and an individual administrative head. *McKenzie* v. *Elliott,* 77 *N. J. L.* 43. This cannot avail appellant. The language of the statute in defining the various types for classification is descriptive for purposes of inclusion,

but is not correspondingly exclusive, so that it does not specifically debar a magistrate appointed in the manner of relator. Moreover, the Civil Service act contemplated that the employes of a municipality adopting the act were to be regarded as constituting two main groups, with all belonging to one or the other. Since relator was not in the classified service, of necessity he was to be considered in the unclassified service.

The constitutionality of the act itself, R. S. title 11, chapter 28, is contested by appellant, who urges that it is inconsistent with the Walsh act, incorporated in the Revised Statutes as *R. S.* 40:70-1, &c., and is therefore repealed. But R. S. title 11, chapter 28, is also part of the Revision, enacted at the same time. It is possible to give effect to both provisions without irreconcilability, so that both can stand.

The chief point of appellant on the subject of constitutionality is that R. S. title 11, chapter 28, upon which relator relies, comes within the prohibited category of special legislation regulating the internal affairs of a municipality, as it makes a continuation of office possible for magistrates in the classified and unclassified divisions in communities that operate under civil service, while magistrates in municipalities not functioning under civil service would not possess the tenure afforded by that statute. It is contended this contrast in result is contrary to the constitutional requirement that such legislation affecting the internal affairs of municipalities should be general and not special. But the statute in question does not evince the speciousness in generalization that is the deciding factor in the determination of unconstitutionality in issues of this character. It is well established that statutes may be operative and limited to specified types of municipalities and that a statutory classification of municipalities under a restricted description for applicability of the statute will not place the law within the inhibition of special legislation when the distinctions that typify the class are related to the object of the statute, and when such distinctions are substantial rather than illusory. *Raymond* v. *Township of Teaneck et al.,* 118 *N. J. L.* 109. The legislature is given considerable discretion in this respect. There is undoubted

legislative power to classify and differentiate among municipalities through the voluntary acceptance of the privileges and limitations of the Civil Service act by some, while others choose to stay outside the act. There follows the corollary that the legislative power which is appurtenant to civil service municipalities can be exercised with respect to them as a class. The statute in question is therefore no more than an exemplification of the authority of the legislature to enact measures relating to continuity of office and protection of tenure in municipalities that avail themselves of the right to come within the operation of civil service. That is a right open to all municipalities if they wish to exercise it, so that it is general, not special. Hence legislation that is consequent and incident to that subject is essentially general and not special. The authority to enact legislation that will maintain continuity of office in the classified service applies with equal logic to the unclassified service. It is part of the power to legislate with respect to municipalities that have selected the ægis of civil service and the principles of tenure implied therein. The power to make classifications is original with and equivalent with the power to confer attributes on the classifications. There is nothing special in this extension of tenure to the unclassified service, nor is the method of demarcation illusory, for there are no arbitrary or unreasonable exceptions in the designated ·group, and the act applies unreservedly to all municipalities in the civil service class.

As relator was in the unclassified service of a city operating under civil service, the statute under discussion gave his term of office security against termination through change in the form of government, so that appellant's appointment to the office was a nullity.

The judgment of the Supreme Court is therefore affirmed.

*For affirmative*—THE CHANCELLOR, PARKER, CASE, BODINE, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 10.

*For reversal*—None.